Randy J. Schaefer, Esq. (RS-3918)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
Facsimile: (516) 921-3824
randy@nyfclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

WEST COAST 2014-7, LLC,                                    Civil Action No.:

                      Plaintiff,

     -against-

EDWIN RAIMUNDI, RHONDA. RAIMUNDI;
HSBC MORTGAGE SERVICES, INC., and
JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or
interest in the mortgaged premises herein, their
respective names are presently unknown to Plaintiff,

                      Defendants.
---------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, West Coast 2014-7, LLC ("West Coast" or "Plaintiff") by and through its attorneys, The Margolin & Weinreb Law Group, LLP, as and for its Verified Complaint to foreclose the premises and mortgage against defendants Edwin Raimundi and Rhonda A. Raimundi (the "Raimundis"), HSBC Mortgage Services, Inc., and John Doe "1" through "12" (together with the Raimundis the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 1249 Route 302, Crawford/Pine Bush, New York 12566 known on the

1

Orange County Tax Map as SECTION: 24; BLOCK: 1; LOT: 62 in Orange County, New York State (the "Property"). The legal description of the Property is attached as **Exhibit A**.

## PARTIES

2. West Coast is a California limited liability company with its usual place of business located at 17011 Beach Boulevard, Suite 300, Huntington Beach, California 92647.

3. West Coast is a citizen of the State of California.

4. West Coast's members are citizens of the States of California and Colorado.

5. Upon information and belief, Edwin Raimundi is a citizen of New York State having an address at 1249 Route 302, Crawford/Pine Bush, New York 12566.

6. Upon information and belief, Rhonda A. Raimundi is a citizen of New York State having an address at 1249 Route 302, Crawford/Pine Bush, New York.

7. Upon information and belief, HSBC Mortgage Services, Inc., is incorporated in the State of Delaware and authorized to do business in New York at 2929 Walden Avenue, Depew, New York 14043.

8. The Raimundis are necessary party-defendants to this action because they (i) were present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) are the record owners of the Property; (iii) are the borrowers of the loan; and (iv) are the mortgagors under the Mortgage.

9. HSBC Mortgage Services, Inc. is a necessary party-defendant to this action because it is a subordinate mortgagee by virtue of a mortgage recorded against the Property on May 23, 2006 in Book 12162, Page 403.

10. Upon information and belief, John Doe #1 through #12 are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming

to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Property. Such Defendants are joined as party-defendants herein for the purpose of foreclosing and terminating their respective interests, if any, in and to the Property.

11. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the Mortgage lien.

## JURISDICTION AND VENUE

12. This Action is between citizens of different states.

13. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

14. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

15. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

16. A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

17. On May 5, 2006, the Raimundis executed an Interest Only Adjustable Rate Note ("the Note") to Accredited Home Lenders, Inc. whereby it loaned to the Raimundis, and the Raimundis agreed to repay, the sum of $297,600.00 plus interest. Copies of the Note and Allonges are attached as **Exhibit B**.

18. To secure the repayment of the Note, the Raimundis executed a Mortgage in the principal amount of $297,600.00 plus interest to Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc.

19. The applicable mortgage tax was paid.

20. Said Mortgage was recorded on May 23, 2006 in the Orange County Clerk's Office in Book 12162, Page 0381. A copy of the Mortgage is attached as **Exhibit C.**

21. The Mortgage was assigned to Citibank, N.A. as Trustee for the MLMI Trust Series 2006-HE5 by assignment of mortgage dated May 5, 2006 and recorded May 23, 2006. An Allonge was simultaneously affixed to the Note to transfer the Note to Citibank (*See* Exhibit B.)

22. The Mortgage and Note were further assigned to Plaintiff by assignment of mortgage dated June 23, 2015 which assignment has been sent to the Orange County Clerk's office for recording. A copy of the assignments are attached as **Exhibit D**.

23. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

24. The Raimundis have has failed to comply with the terms and provisions of the Mortgage and said instrument(s) secured by the Mortgage, by failing to pay the installment balance due on the first day of March, 2009 and the default continues to date.

25. Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was issued on November 4, 2015 (the "Default Notice") advising the Raimundis that Plaintiff has elected to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. A copy of the Default Notice with proof of mailing is attached as **Exhibit E**.

26. The 90-day notices required under RPAPL §1304(1) were issued on September 9, 2015. Copies of the 90 day notices and proof that Plaintiff complied with the registration requirement under RPAPL §1306 is attached as **Exhibit F**.

27. Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-l of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

28. As of the date herein, the Raimundis have failed to respond to the Default Notice.

29. Due to the above-described default, the Raimundis are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges totaling $234,735.49 as of November 4, 2015 (*See* Exhibit E.)

30. Due to the above-described default, the Raimundis are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

31. Due to the above-described default, the Raimundis are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

32. Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

    a. Any state of facts that an inspection of the Property would disclose.

    b. Any state of facts that an accurate survey of the Property would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the property is located and possible violations of same.

    e. Any right of tenants or person in possession of the Property.

    f. Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

33. If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

34. Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

35. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to

law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that the Raimundis may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession

of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

Dated: Syosset, New York
      January 21, 2016                        **THE MARGOLIN & WEINREB LAW GROUP, LLP**
                                               Attorneys for Plaintiff, West Coast 2014-7, LLC

                                  By:    */s/ Randy J. Schaefer*
                                           Randy J. Schaefer, Esq.
                                           165 Eileen Way, Suite 101
                                           Syosset, New York 11791
                                           (516) 921-3838
                                           Randy@nyfclaw.com

## **VERIFICATION BY ATTORNEY**

**Randy J. Schaefer, Esq.**, an attorney duly admitted to practice before the New York State courts and associated with Plaintiff's attorneys of record, affirms under the penalties of perjury that:

I have read the foregoing Verified Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds for my belief as to matters not based upon personal knowledge are communications with Plaintiff's representatives, officers, and agents and my review of copies of Plaintiff's records in my possession. This affirmation is made by me because Plaintiff is not in a county in which my firm has its office.

Dated: January 21, 2016
      Syosset, New York

                                */s/ Randy J. Schaefer*
                                **RANDY J. SCHAEFER, ESQ.**